<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARYL FALLAS,<br><br>        Plaintiff,<br><br>   v.<br><br>JUSTINE DIGERONIMO, ESQ., et al.,<br><br>        Defendants. | Civil Action No. 23-04100 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendants Justine Digeronimo, Esq., and South Jersey Legal Services Inc.'s Motion to Dismiss pro se Plaintiff Daryl Fallas's Amended Complaint under Federal Rules of Civil Procedure (Rules) 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim. (ECF Nos. 17, 18.) Plaintiff opposed, and Defendants replied. (ECF Nos. 20, 21.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion is **GRANTED**.

## I.    <u>BACKGROUND</u>

### A.    **Factual Allegations**

This is a legal malpractice action stemming from a probate case in the Superior Court of New Jersey, Monmouth County, Docket No. MON-P-214-17. (ECF No. 17 at 1-2.[1])

---

[1]    Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Plaintiff alleges that he contacted the Defendants for legal services "to find out about bankruptcy and other options available to protect [his] future inheritance from a rogue third party debt collector." (ECF No. 17 at 1.) Plaintiff decided "not to go forward" with hiring Defendants, but "recommended [his] father to them as he was looking to change his will." (*Id.*) Plaintiff alleges that after his father died in 2017, in the state-court proceedings concerning his father's will, a dispute with an opposing party led to an unfavorable disposition of the estate for Plaintiff, particularly as to the sale of property. (*See id.* at 2.) As a result, Plaintiff was evicted from his home. (*Id.*) Plaintiff seeks damages "in excess of $1 million." (*Id.*)

On March 26, 2024, the Court dismissed Plaintiff's Complaint without prejudice. (ECF Nos. 11, 12.) The Court found that Plaintiff had not pled an adequate basis for federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 11 at 5-10.) The Court also held that it lacked diversity jurisdiction under 28 U.S.C. § 1332 because the record indicated that both Plaintiff and Defendants are citizens of New Jersey. (*See id.* at 11.) The Court dismissed the Complaint and granted Plaintiff 30 days to amend his pleadings to the extent that he could cure the deficiencies identified in the Court's Memorandum Opinion. (*Id.*) Thereafter, Plaintiff submitted additional filings and an Amended Complaint asserting that the Court has diversity jurisdiction over the case because at the time the original Complaint was filed on August 1, 2023, Plaintiff resided in Pennsylvania. (ECF Nos. 13, 15, 17.) Pending before the Court is Defendants' Motion to Dismiss for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim. (ECF No. 18.)

## II.    LEGAL STANDARD

Under Rule 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). There are two types of subject-matter challenges under Rule 12(b)(1): "either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d

Cir. 2016).  On a facial attack, the court "accept[s] the complaint's well pled allegations as true, and review[s] 'the allegations of the complaint and documents referenced therein and attached thereto[] in the light most favorable to the plaintiff." *Manivannan v. United States Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).  On a factual attack, "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

"Federal courts, as courts of limited jurisdiction, have an obligation to establish subject matter jurisdiction, raising it *sua sponte* if necessary." *United States v. Port Imperial Ferry Corp.*, Civ. No. 16-2388, 2023 WL 2535302, at *4 (D.N.J. Mar. 16, 2023) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)).  If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action because subject matter jurisdiction "call[s] into question the very legitimacy of a court's adjudicatory authority." *Council Tree Commc'ns, Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007); *see also Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005) ("[The court is] required to consider the issue of subject matter jurisdiction, even though neither party contends that it is lacking." (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986))).  "Where a district court lacks subject-matter jurisdiction, its disposition of such a case will be without prejudice." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)).

## III.    DISCUSSION

Federal courts are courts of limited jurisdiction—"they possess only that power authorized by Constitution and statute." *Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 818

(3d Cir. 2023) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994)). To hear a case, federal courts must have subject-matter jurisdiction, such as diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. *See id.*

Plaintiff's original Complaint alleged a federal question—specifically, a violation of due process under the Fourteenth Amendment to the United States Constitution—as the basis for subject-matter jurisdiction. (*See* ECF No. 1 at 1-2.) Plaintiff's Amended Complaint, however, does not attempt to assert a federal question. (ECF No. 18-2.) Instead, Plaintiff now brings a single count for legal malpractice and asserts that the Court has diversity jurisdiction. (*Id.*) Plaintiff alleges that he "resided in Pennsylvania, every night, continuously, at the same location, between April 16th, 2020 through December 31st, 2023," so that at the time he originally filed the Complaint on August 1, 2023, he was a resident of Pennsylvania. (*Id.* at 1.)

A federal district court has diversity jurisdiction over all civil actions where all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000. *See* § 1332(a); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). For purposes of diversity jurisdiction, a "natural person is deemed to be a citizen of the state where he is domiciled." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted). Diversity of citizenship "must have existed at the time the complaint was filed." *Johnson*, 724 F.3d at 349 (citations omitted); *see also Diament v. Genesis Assocs.*, Civ. No. 96-5342, 1997 WL 214870, at *1 (E.D. Pa. Apr. 25, 1997) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 286, 294-95 (1938)). A subsequent change in domicile that destroys diversity does not divest a federal court of jurisdiction over the case. *New Rock Asset Partners, L.P. v. Preferred Entity Advancements*, 101 F.3d 1492, 1507 (3d Cir. 1996).

4

A person's domicile "is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).    Although the location of an individual's residence can be prima facie evidence of domicile, mere residency in a state is insufficient for purposes of diversity.    Residency must be coupled with a finding of an intent to remain permanently. *Wolgin v. Smith*, Civ. No. 94-7471, 1995 WL 434395, at *1 (E.D. Pa. Jul. 20, 1995) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (1972)); *Walls v. Ahmed*, 832 F. Supp. 940, 942 (E.D. Pa. 1993).    In determining an individual's domicile, a court considers several factors, including house of residence, place of business, payment of personal taxes, voter registration, location of bank accounts, and driver's license and vehicle registration.   *Wolgin*, 1995 WL 434395, at *1 (citations omitted).    The party asserting diversity jurisdiction bears the burden of proof by a preponderance of evidence.   *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court.").

Here, it is undisputed that Defendants are residents of New Jersey.    (ECF No. 18.) Therefore, whether the Court may exercise diversity jurisdiction over this matter depends on whether Plaintiff has established by a preponderance of the evidence that he was domiciled in Pennsylvania at the time he filed the Complaint on August 1, 2023. *See McCann*, 458 F.3d at 286. It is clear that Plaintiff *resided* in Pennsylvania during this period: Plaintiff submitted over three hundred pages of receipts showing that, from April 16, 2020 to December 31, 2023, he paid for a room at the Extended Stay America Suites in Horsham, Pennsylvania.  (ECF No. 20-3.)  The fact that Plaintiff lived in Pennsylvania during this period, however, is not sufficient to establish that

Pennsylvania was his "true, fixed and permanent home." *McCann*, 458 F.3d at 286. Therefore, the Court cannot deem Plaintiff a citizen of Pennsylvania for diversity purposes.

In his opposition to Defendants' Motion to Dismiss, Plaintiff avers that after he was evicted from his New Jersey residence in June 2019, he was transient and lived "where the best deals were via Priceline, generally 4 days at a time." (ECF No. 20 at 1.)  During the COVID-19 pandemic, Plaintiff then "left New Jersey out of concern [that the Governor] would shut down hotels and seal the borders" and in order to avoid a debt collector. (*Id.*)  Plaintiff claims to have left New Jersey "for good" and "had no intention of moving back to New Jersey." (*Id.*)

The weight of the record does not support Plaintiff's claim that he did not plan to return to New Jersey and that he intended to remain in Pennsylvania permanently.  Although Plaintiff resided in Pennsylvania for a period of three years, his receipts show that he made payments on a week-to-week basis as opposed to a long-term lease. (ECF No. 20-3.)  Further, Plaintiff provided the Pennsylvania hotel with his Deal, New Jersey address for billing purposes, which is reflected on the receipts. (*See id.* at 1.)  Plaintiff maintained a New Jersey driver's license and license plates throughout the time he spent in Pennsylvania. (*See* ECF No. 20 at 2.)  And Plaintiff maintains an active voter registration with New Jersey. (ECF No. 21-1 at 15.)  *See also Curley v. Mosier*, Civ. No., 2010 WL 2607264, at *2-6 (D.N.J. Jun. 17, 2010) (finding that although the plaintiff established that he had changed his residency from New Jersey to Pennsylvania for a period of years, he did not establish a change in domicile by a preponderance of the evidence because he maintained significant connections to New Jersey, including a New Jersey driver's license, vehicle registrations, and voter registration).

A "domicile once acquired is presumed to continue until it is shown to have been changed." *McCann*, 458 F.3d at 286-87 (citations omitted).  Because Plaintiff was a citizen of New Jersey

6

and he has not shown that he changed his domicile to Pennsylvania despite residing there, Plaintiff remained a New Jersey citizen at the time he filed the Complaint.  *See id.*; *Park v. Tsiavos*, 679 F. App'x 120, 125-28 (3d Cir. 2017) (finding that the plaintiff was a citizen of New Jersey at the time of filing despite residing in New York, because at the time of filing, the plaintiff maintained a New Jersey driver's license, listed himself as a resident dependent on his parents' most recent New Jersey state tax returns, and did not register to vote or pay taxes in New York).  Plaintiff's substantial connections to New Jersey outweigh any later representation regarding his intent to remain in Pennsylvania.  (ECF No. 9 at 1.)  *See Curley*, 2010 WL 2607264, at *6.  Plaintiff has not established by a preponderance of the evidence that his period of residency in Pennsylvania is sufficient for the Court to consider Plaintiff a citizen of Pennsylvania for diversity purposes.  *See McCann*, 458 F.3d at 286; *cf. Walls*, 832 F. Supp. at 942-43 (finding that for diversity purposes, an individual who lived in New Jersey but was killed in an accident while traveling to Florida was a citizen of Florida because she had "made a considerable physical and emotional commitment to Florida," including transferring her personal property to Florida, enrolling her son in school, and expressing her belief at the time that she intended for Florida to be her permanent home).  Because the record indicates that Defendants are also citizens of New Jersey (*see* ECF Nos. 1, 8), the Court lacks diversity jurisdiction over this case.  *See, e.g., Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 111 (3d Cir. 2015).

## IV.    CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 18) is **GRANTED**.    Plaintiff's Amended Complaint (ECF No. 17) is **DISMISSED** without prejudice.  An appropriate Order follows.


Dated: January 10, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

8